## Case No. 18,306.

### In re KELBY'S WILL.

[2 Hayw. & H. 149.] [1]

Orphans' Court, District of Columbia. April 15, 1854.

#### NUNCUPATIVE WILL — CANNOT PASS REAL ESTATE —WITNESSES.

1. From 1676, when the act of 29 Car. II. was enacted, no nuncupative will can, under any circumstances, pass real estate.

2. That by 29 Car. II. c. 3, §§ 19, 20, 22,[2] and the act of Maryland of 1798, c. 101, subc. 2, § 13,[3] in force in this district, there must be not less than three witnesses to a nuncupative will, where the amount of personal property exceeds thirty pounds.

PURCELL, J. From the 29th of Charles II. in force in this District and the statute of Maryland of 1798, a nuncupative will, under no circumstances, can pass real estate; there must be not less than three witnesses where the amount of personal property exceeds $300. Nuncupative wills are viewed with distrust in the ecclesiastical court, and the making of one requires to be proved by evidence more strict and stringent than that of a written one, in every particular. That is requisite in consideration of the facilities with which frauds, in setting up nuncupative wills, are obviously attended; facilities

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

---

[2] Sec. 19. (1) And for prevention of fraudulent practices in setting up nuncupative wills, which have been the occasion of much perjury. (2) Be it enacted by the authority aforesaid, that from and after the aforesaid 24th day of June, no nuncupative will shall be good where the estate thereby bequeathed shall exceed the value of thirty pounds, that is not proved by the oaths of three witnesses* (at the least) that were present at the making thereof; (3) nor unless it be proved that the testator, at the time of pronouncing the same, did bid the persons present, or some of them, bear witness that such was his will, or to that effect; (4) nor unless such nuncupative will were made in the time of the last sickness of the deceased, and in the house of his or her habitation or dwelling, or where he or she hath been resident for the space of ten days or more next before the making of such will, except where such person was surprised or taken sick, being from his own home and died before he returned to the place of his or her dwelling.

Sec. 20. And be it further enacted that after six months passed, after the speaking of the pretended testamentary words, no testimony shall be received to prove any will nuncupative, except the said testimony, or the substance thereof, were committed to writing within six days after making of the said will.

Sec. 22. And be it further enacted, that no will in writing concerning any goods or chattels, or personal estate, shall be repealed, nor shall any clause, devise or bequest therein, be altered or changed by any words, or will by word of mouth only, except the same be in the life of the testator committed to writing, and after the writing thereof read unto the testator, and allowed by him, and proved to be so done by three witnesses at the least. 29 Car. II.; British St. at Large, 387 (A. D. 1676).

[3] And no nuncupative will shall be proved within fourteen days after the death of the testator, unless his widow (if any) and some one of the next of kin have been summoned to contest the same, if they please. Section 13, subc. 2, c. 101, Act Md. 1798.

---

* Explained by 4 Anne, c. 16, § 14. It is here declared that all such witnesses as are and ought to be allowed to be good witnesses upon trials at law, by the laws and customs of this realm, shall be deemed good witnesses to prove any nuncupative will, or anything relating thereto (A. D. 1705).

which essentially require for their suppression the utmost vigilance on the part of the court. The testamentary capacity of the deceased, and the animus testandi at the time of the alleged nuncupation, must appear by the clearest and most indisputable testimony.